EL PUEBLO DE PUERTO RICO en interés del menor L.R.R., apelante.

*Número:* CE-88-291 *Resuelto:* 28 de diciembre de 1989

*Ronald Barrau Lake* y *Judith Báez Muñoz*, de *Servicios Legales de Puerto Rico, Inc.*, abogados de la apelante; *Norma Cotti Cruz, Subprocuradora General*, y *Marjorie Rivera Rodríguez, Procuradora General Auxiliar*, abogadas de El Pueblo.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

La menor apelante fue hallada culpable de agresión agravada e infracción al Art. 4 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 414. El Juez del Tribunal Superior, Asuntos de Menores, la dejó en libertad a prueba bajo la custodia de sus abuelos paternos y la supervisión del tribunal por los próximos tres (3) años.

Inconforme con este dictamen, acude ante nos a cuestionar la aplicabilidad de las excepciones contenidas en la Regla 27(D) de Evidencia, 32 L.P.R.A. Ap. IV,[1] en la modalidad del privilegio de los cónyuges conocida como "imposibilidad testifical".

---

[1] La regla establece:

"(A) Según usadas en esta regla, las siguientes expresiones tendrán el significado que a continuación se indica:

"(1) *Cónyuges*: hombre y mujer casados legalmente entre sí.

"(2) *Comunicación confidencial entre cónyuges*: es aquella habida privadamente sin intención de transmitirla a un tercero y bajo la creencia de que ésta no sería divulgada.

"(B) Un cónyuge no podrá ser obligado a testificar a favor o en contra del otro.

"(C) Sujeto a lo dispuesto en esta regla, un cónyuge, sea o no parte en un pleito, tiene el privilegio de negarse a divulgar, o impedir que otro divulgue, durante o después del matrimonio, una comunicación confidencial entre él y su cónyuge que se hiciera mientras eran marido y mujer. El otro cónyuge o el tutor de un cónyuge incapaz puede reclamar el privilegio.

"(D) No existe el privilegio bajo esta regla si:

"(1) Se trata de una acción civil de un cónyuge contra otro.

Luego de examinar la exposición narrativa de la prueba así como la doctrina y jurisprudencia aplicables, procede la confirmación de la sentencia del tribunal de instancia por entender que en el caso de autos no aplica el privilegio de los cónyuges.

I

De los autos originales y de la exposición narrativa de la prueba se desprende que el 20 de febrero de 1988, durante una discusión en su hogar, la apelante L.R.R. agredió a su esposo, C.G.V., con un cuchillo de cocina, causándole una herida en el glúteo izquierdo que requirió tres (3) puntos de sutura. Este incidente es secuela de un historial matrimonial originado en una violación cometida contra ella por el Sr.

---

"(2) Se trata de un procedimiento criminal en el cual un cónyuge es acusado de:

"(i) Un delito cometido contra la persona o la propiedad del otro cónyuge o de un hijo de cualquiera de los dos.

"(ii) Un delito cometido contra la persona o la propiedad de un tercero mientras cometía un delito contra la persona o la propiedad del otro cónyuge.

"(iii) Bigamia o adulterio.

"(iv) Abandono de menores o incumplimiento de obligación alimenticia en relación a un hijo de cualquiera de los dos cónyuges.

"(3) Se trata de un procedimiento judicial bajo la Ley de Menores o de una acción sobre custodia de menores.

"(4) Se trata de un procedimiento criminal y la comunicación se ofrece en evidencia por un acusado que es uno de los cónyuges entre los cuales se hizo la comunicación.

"(5) Se trata de un pleito incoado por o a nombre de cualquiera de los cónyuges con el propósito de establecer su capacidad.

"(6) Se trata de un procedimiento para recluir a cualquiera de los cónyuges o de otra forma ponerlo a él o a su propiedad, o ambos, bajo el control de otro por motivo de su alegada condición mental o física.

"(7) La comunicación fue hecha, total o parcialmente, con el propósito de hacer posible o ayudar a cualquier persona a cometer o planear la comisión de un delito, acto torticero o fraude.

"(E) No se podrá invocar el privilegio establecido en esta regla cuando un cónyuge, con el consentimiento del otro divulgó, o consintió a que se divulgara cualquier parte de la comunicación confidencial.—Enmendada en Julio 20, 1979, Núm. 180, p. 517, arts. 1 y 2, ef. Octubre 1, 1979."

C.G.V. y el consiguiente nacimiento de un niño en un hogar caracterizado por intensos conflictos.

En esta ocasión, el esposo se querelló a la policía y ésta remitió el asunto al Tribunal Superior, Asuntos de Menores. Allí se determinó causa probable contra la menor por agresión agravada e infracción al Art. 4 de la Ley de Armas de Puerto Rico, *supra.*

Llamado el caso para la vista en su fondo, cuando ya la pareja estaba en trámites de divorcio, la defensa planteó que el único testigo de cargo, el perjudicado, no quería declarar contra su cónyuge y, por lo tanto, que aplicaba el privilegio reconocido por la Regla 27(B) de Evidencia, 32 L.P.R.A. Ap. IV, en su modalidad de incapacidad testifical. El Procurador de Menores se opuso a la petición de la defensa y el tribunal declaró sin lugar el planteamiento esbozado por la apelante.

Se procedió a llamar a declarar al Sr. C.G.V., esposo de la apelante. Al Procurador de Menores preguntarle sobre lo sucedido el 20 de febrero de 1988, la defensa objetó, el juez intervino y a preguntas de éste el testigo manifestó lo siguiente: ". . . que no quería declarar en contra de su esposa, no le quería hacer daño, ya se habían contentado, tenían un hijo que hacía pocos meses había nacido y este proceso los estaba afectando adversamente." Alegato de la apelante, pág. 2. No obstante, el tribunal le ordenó que declarara. A esto la defensa se opuso y expresó que se cumplían los requisitos enumerados en la Regla 27(B) de Evidencia, *supra*, y que el privilegio de los cónyuges aplicaba de manera absoluta.

El Procurador de Menores refutó el planteamiento de la apelante y arguyó que al inciso (B) de la referida Regla 27 le aplicaban las excepciones contenidas en el inciso (D) y que como este caso era uno bajo la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2201 *et seq.*, no procedía que se levantara el privilegio. Luego de evaluar los planteamientos de ambas partes, el tribunal pidió al esposo de la apelante que

declarara. Éste, sin mayor objeción y sin haber sido amenazado con un posible desacato, relató lo acontecido en su residencia el 20 de febrero de 1988. A preguntas de la defensa, el testigo manifestó que no era la primera vez que discutía con su esposa y que en discusiones anteriores, similares a la que provocó el incidente, le había pegado.

Luego de finalizado el testimonio del único testigo de cargo, el Procurador de Menores sometió el caso. La defensa no presentó testigos ni expuso defensa alguna para justificar la actuación de la menor. La apelante L.R.R. fue hallada culpable de las faltas imputadas.

En su escrito de apelación nos señala la comisión de los errores siguientes:

1. Erró el Honorable Tribunal de Instancia al obligar al cónyuge de la apelante a testificar en su contra, a pesar de haber aquél insistido que no deseaba declarar por ser ella su esposa. Esta determinación del Tribunal es contraria a lo dispuesto en el inciso (B) de la Regla 27 de las Reglas de Evidencia de Puerto Rico.
2. Erró el Honorable Tribunal de Instancia al determinar que el inciso (D)(3) de la Regla 27 de las de Evidencia es de aplicación como excepción al inciso (B) de la misma Regla.
3. El interpretar que el inciso (D)(3) es una excepción al inciso (B) de la Regla 27 de las de Evidencia, va en contra del interés público apremiante de mantener la unidad familiar y en contra de la filosofía humanista y rehabilitadora de la Ley de Menores de Puerto Rico y además constituye una clasificación sospechosa por edad.
4. Erró el Honorable Tribunal de Instancia al obligar al cónyuge perjudicado a testificar en contra de la menor apelante; se ha violado el debido proceso de ley garantizado por la Sección 7 del Artículo 11 de la Constitución del Estado Libre Asociado de Puerto Rico. Alegato de la apelante, pág. 40.

## II

En la jurisdicción federal el privilegio de los cónyuges se origina en el derecho común para proteger a la institución unitaria del matrimonio que consideraba que la mujer no tenía personalidad propia. Inicialmente la doctrina se aplicó para impedir que un cónyuge testificara a favor o en contra del otro. *Stein v. Bowman, et al.*, 38 U.S. 209 (1839): *Jin Fuey Moy v. United States*, 254 U.S. 189 (1920). Sin embargo, en vista de los cambios en la concepción del matrimonio y, particularmente, el reconocimiento de los derechos de la mujer, la doctrina sufrió modificaciones graduales hasta culminar en la norma consagrada en la Regla 501 de Evidencia federal y en nuestra Regla 27 (32 L.P.R.A. Ap. IV), que permiten a un cónyuge testificar voluntariamente en contra del otro. Véanse: *Trammel v. United States*, 445 U.S. 40 (1980); M. Larkin, *Federal Testimonial Privileges*, Nueva York, Ed. Clark Boardman, 1985, pág. 4-1; Stone y Liebman, *Testimonial Privileges*, Colorado, Ed. McGraw-Hill, 1983, pág. 332 *et seq.*

■ La Regla 27 de Evidencia, *supra*, tiene dos (2) modalidades del privilegio: la primera, conocida como "regla de exclusión de comunicaciones confidenciales", y la otra denominada "doctrina de incapacidad testifical".

El privilegio en su vertiente de imposibilidad testifical no estaba previsto en el proyecto original sobre las nuevas reglas de evidencia sometido a la Asamblea Legislativa. En los comentarios a las reglas contenidos en el proyecto se justificó la exclusión de esta modalidad del privilegio porque la regla estaba fundamentada en un "dogma religioso arcaico". *Proyecto de Reglas de Evidencia para el Tribunal General de Justicia del Estado Libre Asociado*, 1979. Sin embargo, la Legislatura entendió que, por consideraciones de política pública y para preservar la institución del matrimonio, era necesario que se añadiera la regla de imposibilidad testifical y así lo hizo en el apartado (B).

No obstante, su incorporación a la Regla 27, *supra*, creó un problema adicional. En la propia disposición no se aclaró si las excepciones contenidas en el apartado (D) de la regla aplicaban también a la nueva regla de incapacidad testifical o si solamente se referían a las comunicaciones privilegiadas contenidas en el proyecto original.

Nuestra jurisprudencia posterior a la aprobación de las reglas no ha examinado este asunto. Sin embargo, en nuestras interpretaciones del antiguo privilegio[2] seguimos el enfoque restrictivo de la jurisprudencia federal. En *Pueblo v. Matos*, 83 D.P.R. 335 (1961), rechazamos la táctica usada por un acusado de casarse con una testigo potencial en su contra para evitar que ésta declarara y en *Pueblo v. Correa*, 34 D.P.R. 884 (1926), establecimos que la excepción reconocida de que se permitía a un cónyuge declarar contra otro aplicaba tanto en casos de delitos graves como menos graves. De igual forma, en *Pueblo v. Denis Rivera*, 98 D.P.R. 704, 717 (1970), donde un esposo defraudó a su esposa al vender una propiedad ganancial sin la autorización de ésta, permitimos su testimonio en una acción civil y afirmamos:

> ... [L]a razón de la regla que establece la prohibición [de que un cónyuge declarara contra el otro] deja de tener aquí contenido real porque la conservación del matrimonio entre el acusado y su esposa es ilusorio . . . .

No obstante, algunos estudiosos del derecho probatorio, incluso el Comité de Mejoras a las Reglas de Evidencia del

---

(2) El Art. 40 de la vieja Ley de Evidencia, 32 L.P.R.A. ant. sec. 1734, establecía:

"No se podrá examinar a una persona como testigo en los casos siguientes:

"1. Un marido no podrá ser examinado a favor ni en contra de su mujer, sin el consentimiento de ésta; ni una mujer a favor ni en contra de su marido, sin el consentimiento de éste; ni podrá ninguno de los dos durante o después del matrimonio, ser examinado sin consentimiento del otro, respecto a alguna comunicación habida de parte a parte, durante el matrimonio; pero esta disposición no será aplicable a una acción o procedimiento civil por uno de los cónyuges contra el otro *ni a una acción o procedimiento criminal por un delito grave cometido por uno de ellos contra el otro.*" (Énfasis suplido.)

*American Bar Association,* han recomendado la eliminación total de este privilegio. Sobre este asunto el profesor Chiesa nos comenta:

> La eliminación de la regla es la mejor solución. Si el testimonio de un cónyuge es a favor del otro, la impugnación mediante móvil o interés es suficiente. Si el testimonio es contra el cónyuge, debe distinguirse la situación de cuando el cónyuge quiere o no declarar, es decir si es compelido o no a hacerlo. Si declara voluntariamente, no hay relación alguna que proteger mediante la regla de incapacidad. Si declara por obligación, entonces, y sólo entonces, es que es necesario hacer un análisis de balance de intereses con miras de determinar si debe prevalecer el privilegio o debe prevalecer el principio de que la verdad salga a la luz en los procedimientos. E.L. Chiesa, *Práctica Procesal Puertorriqueña: Evidencia,* San Juan, Pubs. J.T.S., 1979, pág. 130.

■ No nos compete a nosotros desde este estrado apelativo determinar la conveniencia de eliminar la referida disposición. Esa es función exclusiva de la Legislatura. Sin embargo, como últimos intérpretes de la ley debemos evaluar la aplicabilidad de las excepciones contenidas en el apartado (D) al apartado (B) de la Regla 27 de Evidencia, *supra.*

■ Como punto de partida debemos recurrir a la letra de la ley para determinar su significado. Un examen de la Regla 27, *supra,* revela que las excepciones contenidas en el apartado (D) aplican tanto a la regla de imposibilidad testifical como a la de las comunicaciones privilegiadas. El referido apartado dice que "no existe el privilegio bajo esta regla . . .". Por lo tanto, del propio lenguaje del apartado podemos concluir que las excepciones aplican a la regla en su totalidad.

■ En buena hermenéutica jurídica, el estatuto en su totalidad tiene que ser considerado para determinar el significado de cada una de sus partes. "Con ello se persiguen

dos propósitos: aclarar ambigüedades y hacer de la ley un todo armónico y efectivo. Esto significa que toda ley debe ser examinada y comparadas sus partes, de suerte que sean hechas consistentes y tengan efecto. Para ello, deben interpretarse las diferentes secciones, las unas en relación con las otras, complementando o supliendo lo que falte o sea oscuro en una con lo dispuesto en la otra, procurando siempre dar cumplimiento al propósito del legislador. No se pueden tomar aisladamente los distintos apartados de la ley, sino que deben tomarse todos en conjunto, o sea, íntegramente." (Citas omitidas.) R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, San Juan, Pubs. J.T.S., 1979, pág. 315. Véanse, además: *Orta v. Registrador*, 60 D.P.R. 789, 793 (1942); *Pueblo v. Pérez Escobar*, 91 D.P.R. 10 (1964); *P.P.D. v. Gobernador*, 111 D.P.R. 8 (1981); *Marina Ind., Inc. v. Brown Boveri Corp.*, 114 D.P.R. 64, 90 (1983); *Delgado v. D.S.C.A.*, 114 D.P.R. 177 (1983).

En el informe emitido por el comité creado para el examen de las Reglas de Evidencia se llegó a la misma conclusión. Es decir, las excepciones aplican tanto a las comunicaciones privilegiadas como a la regla de imposibilidad testifical.

> La pregunta de rigor es ¿cuáles de las excepciones aplicables al apartado (C) —regla de comunicaciones— son aplicables al apartado (B) —regla de la capacidad testifical—? El Comité estima que la respuesta es la siguiente: todas las excepciones del apartado (D) se aplican a las comunicaciones confidenciales a que alude el apartado (C). En cuanto a la norma de que un cónyuge no puede ser obligado a testificar a favor o en contra del otro —apartado (B)— las excepciones del inciso (D) también se aplican, salvo las dispuestas en los apartados (4) y (7) que se refieren expresamente a "comunicaciones". Después de un debate, el Comité estimó que no debía enmendarse la regla, sino hacer el señalamiento en el comentario. *Primer Examen de las Reglas de Evidencia de 1979, Comentarios y Recomendaciones.*

La sugerencia del Comité fue acogida favorablemente. Los propios comentarios a las reglas establecen claramente que las excepciones aplican tanto al privilegio de comunicaciones confidenciales como al de imposibilidad testifical. Comentarios a la Regla 27 de Evidencia, 32 L.P.R.A. Ap. IV.

## III

■ En el caso de autos no aplica la regla de imposibilidad testifical. Se trata de un procedimiento criminal contra un cónyuge bajo las disposiciones de la Ley de Menores de Puerto Rico, una de las excepciones contenidas en el inciso (D) de la regla.

■ El argumento esbozado por la apelante sobre la necesidad de hacer un balance de intereses cuando aplica una de las excepciones no nos persuade. Si fuera así, las excepciones no tendrían ninguna aplicabilidad práctica, pues para implantarlas habría que hacer un balance de intereses similar al hecho cuando procede el privilegio. Definitivamente esto contraviene la interpretación restrictiva que permea la interpretación de los privilegios y derrota la intención del legislador al crear excepciones en la regla.

En las circunstancias particulares de este caso no procede la invocación de este privilegio. Cuando se celebró la vista, el matrimonio estaba en vías de disolverse y no hay ninguna relación conyugal que proteger.

La apelante también afirma que la excepción al privilegio sobre procedimiento bajo la Ley de Menores de Puerto Rico atenta contra el interés público de unidad familiar y contra la filosofía humanista y rehabilitadora de dicha ley. Además, argumenta que la referida excepción constituye una clasificación sospechosa por edad y que se le ha violado el debido proceso de ley al obligar a su cónyuge a testificar en su contra. No tiene razón.

Es necesario señalar que la tendencia moderna en el tratamiento de menores que han delinquido categóricamente establece la necesidad de que el menor se responsabilice de sus actos. "Así, por ejemplo, se recomienda el abandono de la base filosófica exclusivamente rehabilitadora del presente régimen, pero se reconoce la necesidad de ofrecer al menor todos los servicios que puedan propender a su habilitación, rehabilitación y resocialización. El comité no considera como alternativa sabia y adecuada el rechazo total de la filosofía rehabilitadora, pero entiende que debe adaptarse el principio de la responsabilidad personal por los actos del menor." Informe del Comité de Justicia Juvenil de la Conferencia Judicial, octubre de 1980, pág. 14. Precisamente, como parte de su rehabilitación, se busca que el menor sea responsable de sus actos y comprenda las consecuencias de ello. Para lograrlo se necesita que salga a flote la verdad y que no se escude en privilegios como éste que mal pueden ayudar a este fin. Tampoco puede haber alguna unidad familiar que preservar cuando el perjudicado del delito cometido por uno de los cónyuges es precisamente el otro cónyuge.

Por otro lado, el argumento de la apelante de que la excepción sobre procedimiento bajo la Ley de Menores de Puerto Rico crea una clasificación sospechosa por edad es patentemente frívolo.

 Entre las facultades de la Asamblea Legislativa en materia de privilegios se encuentra la de crear las excepciones que estime conveniente. Al así hacerlo no despoja a nadie de sus derechos constitucionales. *United States v. Benford*, 457 F. Supp. 589 (Michigan 1978). De hecho, las reglas sobre privilegios que no tengan ningún fundamento constitucional pueden ser alteradas o eliminadas por la Asamblea Legislativa cuando lo estime conveniente. *Hawkins v. United States*, 358 U.S. 74 (1958).

La excepción contenida en nuestra Regla 27, *supra*, sobre procedimientos bajo la Ley de Menores de Puerto Rico trata de evitar que menores que incurren en actividad delictiva se escuden en el privilegio para evitar ser juzgados. El legislador entendió que el fin de la búsqueda de la verdad era mucho más importante en los procedimientos de menores que la posible protección del matrimonio. No debemos intervenir con esta determinación que cae bajo las prerrogativas de nuestra Asamblea Legislativa.

 Por último, debemos señalar que a la apelante no se le violó el debido proceso de ley cuando se obligó a su cónyuge a declarar. A la menor se le garantizaron todos sus derechos constitucionales durante el proceso penal. El debido proceso de ley no puede convertirse en una alegación obligada cuando nos faltan razones para apoyar nuestra posición. Por otro lado, el cónyuge fue el perjudicado de su acción y, por lo tanto, aun cuando no le aplicase la excepción sobre procedimientos bajo la Ley de Menores de Puerto Rico le aplicaría la de un delito cometido contra el otro cónyuge. De todas formas hubiese tenido que declarar.

Por los fundamentos antes expuestos, *se confirma la sentencia recurrida.*

Los Jueces Asociados Señores Negrón García y Ortiz concurren con el resultado sin opinión escrita.