Martínez Torres, Juez Ponente
*801 TEXTO COMPLETO DE LA RESOLUCION
El peticionario, Francisco Rosado Galarza, fue acusado por violar el Artículo 3.2 de la Ley para la Intervención y Prevención con la Violencia Doméstica (maltrato agravado), 8 L.P.R.A. sec. 632, al alegadamente pegarle un puño a su esposa en el ojo derecho. Rosado Galarza presentó una moción de desestimación bajo la Regla 64 (p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, por entender que existe ausencia total de prueba admisible para acusarle. El Tribunal de Primera Instancia, Sala de Caguas (Hon. José A. Gutiérrez Núñez, Juez), declaró la moción sin lugar, y luego se negó también a reconsiderar. Así las cosas, Rosado Galarza recurre ante nos. Estudiada la solicitud de certiorari, entendemos que el Tribunal de Primera Instancia no se equivocó en su proceder, por lo que denegamos la solicitud para expedir el auto.
I
Tanto ante el foro de primera instancia como en el recurso de certiorari, el peticionario Rosado Galarza plantea como error “que la determinación de causa probable fue hecha contrario a derecho porque el ministerio fiscal incursionó en la mente de la perjudicada minando su voluntad y su derecho constitucional a la intimidad. ” Sol. Cert., pág. 3.
Al respecto, la esposa del peticionario señaló en una declaración jurada que se acompañó con la moción de desestimación que no le interesa que procesen a su marido y que “no me interesa dilucidar mis asuntos personales en corte protegiendo así mi derecho a la intimidad. ” Ap. Sol. Cert., pág. 9. Esa es la única prueba en autos que se relaciona con la alegación del acusado-peticionario.
El derecho a la intimidad que la Sra. Lydia Rodríguez Báez menciona está protegido en esta jurisdicción por el Artículo II, Sección 8 de la Constitución de Puerto Rico. Allí se declara el derecho de “[tjoda persona a protección contra ataques abusivos a... su vida privada o familiar. ” De conformidad con esta Sección, el Estado no puede invadir la zona de la intimidad personal, excepto para proteger intereses públicos apremiantes. Figueroa Ferrer v. E.L.A., 107 D.P.R. 250 (1978). Por supuesto, ello significa que si la conducta que el Estado intenta proscribir no está dentro de la zona de intimidad personal, el Estado puede intervenir sin tener que demostrar un interés apremiante. Basta que exista una determinación legislativa de la necesidad de la prohibición y que la ley cumpla con las demás garantías que la Constitución ofrece a los imputados de delito.
En Puerto Rico existe una fuerte política pública para desalentar y castigar los incidentes de violencia conyugal. Véase el Artículo 1.2 de la Ley Para la Intervención y Prevención con la Violencia Doméstica, supra, sec. 601. Véase, San Vicente Frau v. Policía de P.R., opinión de 12 de noviembre de 1996, 96 J.T.S. 148, pág. 330. Está resuelto que si bien es cierto que toda persona tiene un derecho constitucionalmente garantizado a disfrutar de su intimidad en el seno de su hogar, el mismo no abarca una alteración a la paz de la morada. Pueblo v. Figueroa Navarro, 104 D.P.R. 721 (1976). Precisamente la injuria y violencia al reposo en el hogar es una violación del derecho a la intimidad.
La prohibición de la violencia en el seno del hogar “no interfiere con la conciencia, la mente, los pensamientos o los sentimientos del individuo; tampoco cae dentro de la zona de autonomía e información que este derecho reconoce." Pueblo v. Hernández Colón, 118 D.P.R. 891, 904 (1987). Se trata de una prohibición de una conducta antisocial que resulta detrimental, precisamente al disfrute de la tranquilidad en el hogar que el derecho constitucional a la intimidad protege. El hecho de que la esposa quiera que se archive la denuncia no *802 puede obligar al fiscal ante el alto interés público presente. 
La violencia en el hogar tiene efectos detrimentales sobre la salud mental de los cónyuges y de sus hijos. Eso representa, a la larga, una carga social que el Estado se ve forzado a asumir. Véase, en general, Séptimo informe, de Progreso sobre la Implantación de la Ley Para la Prevención e Intervención con la Violencia Doméstica, preparado por la Comisión de Asuntos de la Mujer, Oficina del Gobernador (junio 1999). Por eso, la sociedad, no sólo los cónyuges, tiene derecho a esperar que se castigue al agresor conyugal. Es claro, entonces, que la violencia doméstica no es un “asunto personal”. Después de todo, nadie tiene derecho a agredir a otra persona por el mero hecho de estar en su casa o ser un familiar de la persona agredida.
II
Contrario a lo que el peticionario alega, no es éste un caso donde se haya obligado a su esposa a testificar contra él, en violación del privilegio reconocido por la Regla 27 (B) de Evidencia, 32 L.P.R.A. Ap. III. La regla establece que “[u]n cónyuge no podrá ser obligado a testificar a favor o en contra del otro.” Esto se conoce como la doctrina de incapacidad testifical. Pueblo en interés menor L.R.R., 125 D.P.R. 78 (1989). Véase, también, Trammel v. United States, 445 U.S. 40 (1980).
No obstante esta regla general, la alegación conclusoria del peticionario se estrella contra el texto de la propia Regla 27 (D) (2) (i), que reconoce como excepción, que el privilegio no aplica cuando “[s]e trata de un procedimiento criminal en el cual un cónyuge es acusado de... [u]n delito cometido contra la persona... del otro cónyuge.... “Esa excepción, al igual que todas las demás excepciones reconocidas en el inciso (D) de la Regla 27, aplica a toda la regla, incluyendo el privilegio de incapacidad testifical reconocido en el inciso (B)”. Pueblo en interés menor L.R.R., supra, a la pág. 86. Así, pues, no se ha violado privilegio evidenciario conyugal alguno. Véase, Pueblo v. Correa, 34 D.P.R. 884 (1926).
III
La determinación de causa probable depende de la prueba presentada, no del interés o falta de éste de la perjudicada. Como el planteamiento del peticionario no procede, declaramos sin lugar la solicitud de certiorari
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 32
1. No nos ocupa en este recurso la acepción federal menos abarcadora del mismo derecho.
2. De hecho, una de las nociones equivocadas sobre el mal de la violencia doméstica es que algunas personas piensan que las mujeres víctimas de violencia doméstica no merecen ayuda en los tribunales porque muchas retiran los cargos una vez radicados. Esto ignora por completo la política pública que se busca proteger mediante la ley penal. Véase, Comisión Judicial Especial para Investigar el Discrimen por Género en los Tribunales de Puerto Rico, El discrimen por razón de género en los tribunales, Tribunal Supremo de Puerto, San Juan, 1995, págs. 319-323.