# 99 DTA 166

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I DE SAN JUAN

CARLOS JUAN CORDERO RODRIGUEZ
Demandante-Recurrido

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO
Demandado-Recurrente

Núm. KLCE-99-00335

San Juan, Puerto Rico, a 14 de mayo de 1999

Panel integrado por su Presidenta, la Jueza Fiol Matta,
la Jueza Rodríguez de Oronoz y el Juez González Román

Rodríguez de Oronoz, Jueza Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

El Estado Libre Asociado de Puerto Rico (E.L.A.) recurre ante nos de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 8 de marzo de 1999 y notificada el día 11 del mismo mes y año. Dicha resolución declaró sin lugar una moción de desestimación presentada por el E.L.A. Se deniega el recurso.

**I**

El 11 de marzo de 1998 el Sr. Carlos Juan Rodríguez (Sr. Rodríguez), su esposa, la Sra. Rosa María Rivera García (Sra. Rivera) y el hijo de ambos, Sr. Juan Carlos Cordero Rivera (Sr. Cordero) presentaron una acción en daños y perjuicios contra el E.L.A. para intentar recobrar los daños que alegadamente sufrieron el 8 de agosto de 1996 por la confiscación de un automóvil propiedad del Sr. Cordero y por las angustias mentales que continúan sufriendo tras el *"escarnio público"* al que alegadamente fue sometido el Sr. Cordero al ser identificado erróneamente con el bajo mundo del narcotráfico.

El día 29 de junio de 1998 el E.L.A. presentó una moción de desestimación alegando prescripción de la acción la cual fue declarada sin lugar el 20 de noviembre de 1998. El 2 de diciembre de 1998 el Sr. Rodríguez, la Sra. Rivera y el Sr. Cordero enmendaron su demanda para alegar daños de origen constitucional por reclusión ilegal y violación al debido proceso de ley, además de las angustias mentales alegadas en la demanda de 11 de marzo de 1998.

El 13 de enero de 1999, el E.L.A. presentó otra moción de desestimación y el 17 de febrero de 1999, presentó una *"Moción para Reafirmar Solicitud de Desestimación de Demanda Enmendada"*.

El tribunal recurrido, mediante resolución de 8 de marzo de 1999, notificada el 11 de marzo de 1999, denegó la moción de desestimación *"pues la demanda enmendada está predicada en hechos adicionales, en adición [sic] a lo relativo a la confiscación del automóvil"*. Esta es la resolución de la cual el E.L.A. recurre.

En su recurso ante nos, el E.L.A. sostiene que según las alegaciones de la demanda, ésta debía desestimarse por prescripción de la causa de acción en daños. Para sustentar su argumento hace referencia a un caso anterior entre las partes sobre impugnación de confiscación (Civil Núm. KAC96-1161). La demanda de impugnación fue presentada el 3 de septiembre de 1996. Posteriormente, el 29 de octubre de 1996, se presentó una enmienda a la demanda de impugnación para incluir su reclamación en daños y perjuicios, enmienda que fue aceptada por el tribunal mediante orden de 8 de noviembre de 1996. El tribunal dictó sentencia parcial el 9 de enero de 1997 declarando la ilegalidad de la confiscación y ordenando la devolución del vehículo y/o el pago del valor de tasación.

Posteriormente, en el caso de impugnación de confiscación (KAC96-1161), el tribunal de instancia emitió una resolución el 2 de octubre de 1997 en la que expresó lo siguiente:

*"[h]abiendo el Tribunal examinado la totalidad del expediente, se ha percatado que la enmienda a la demanda que solicitó la parte demandante allá para el 29 de octubre de 1996 no procedía en la presente acción, por lo cual, se deja sin efecto aquella orden del Tribunal de 8 de noviembre de 1996, accediendo a la demanda enmendada. Por otro lado, el Tribunal en este caso ya dictó una Sentencia Enmendada el 9 de enero de 1997, la cual es final y firme y dio por terminada esta acción. De la parte demandante tener interés en incoar una acción en Daños y Perjuicios, debe ejercitarla en un pleito independiente."* ■

El E.L.A. argumenta que esta resolución manifiesta la intención de la sentencia de 9 de enero de 1997 de *"dar por terminada la acción de los apelados [...]"*, incluyendo la acción relativa a los daños la cual, según el E. L.A., es final y firme. Por ello, sostiene que el término prescriptivo de la acción en daños comenzó a contarse desde la notificación de la sentencia decretando la ilegalidad de la confiscación, el 10 de enero de 1997, por lo que dicho término vencía un año después, el 10 de enero de 1998 y que como *"los apelados presentaron el caso de epígrafe el 11 de marzo de 1998[...] la causa de acción ya estaba prescrita"*. Veamos.

La cuestión a resolver en este recurso es si ha expirado el término prescriptivo de un año según dispone el Artículo 1868 del Código Civil, 31 L.P.R.A. sec. 5298, aplicable a las causas de acción en daños y perjuicios. A la luz de la crónica de eventos y de los principios jurídicos aplicables, resolvemos que la causa de acción sigue vigente y justiciable.

Los Artículos 1830 al 1839 del Código Civil, 31 L.P.R.A. secs. 5241-5250, establecen en nuestro ordenamiento la figura de la prescripción. A su vez los Artículos 1873 al 1875 del mismo Código, 31 L.P.R.A. secs. 5302-5304, disponen las formas en que ésta puede interrumpirse. De los dos tipos de prescripción estatuidos en los artículos citados, hoy nos ocupa la prescripción extintiva, es decir, la extinción de derechos y acciones por el transcurso de un período de tiempo fijado por ley.

Para que surta efecto la prescripción extintiva, sólo se necesita el transcurso del término legal fijado. Artículo 1861 del Código Civil, 31 L.P.R.A. sec. 5291. Es harto sabido que las acciones encaminadas a exigir responsabilidad civil extracontractual prescriben al transcurrir un año. Artículo 1868 del Código Civil, *supra*. Bajo la teoría cognoscitiva del daño imperante en nuestra jurisdicción, dicho término prescriptivo comienza a decursar desde el momento en que la víctima del daño tiene conocimiento del mismo. *Delgado Rodríguez v. Nazario de Ferrer,* 121 D.P.R. 347, 361 (1988); *Colón Prieto v. Géigel,* 115 D.P.R. 232 (1984).

La prescripción extintiva se fundamenta en la inercia del acreedor de un derecho durante un tiempo determinado la cual se interrumpe mediante la manifestación inequívoca de un acto de voluntad contrario al mantenimiento de la situación inerte. *Galib Frangie v. El Vocero de P.R.,* 138 D.P.R. ___ (1995), **95 J.T.S. 71**; *García Aponte, et. al. v. E.L.A., et. al.,* 135 D.P.R. ___ (1994), **94 J.T.S. 14**; *Zambrana Maldonado v. E.L.A.,* 129 D.P.R. 740 (1992). Así, en la reciente opinión de *Martínez v. Soc. de Gananciales,* 145 D.P.R. ___ (1998), **98 J.T.S. 29,** a las páginas 698, 699, el Tribunal Supremo expresó lo siguiente sobre esta reiterada doctrina:

*"[E]l fundamento detrás de esta figura es el imperativo de castigar la inercia en el ejercicio de los derechos y asegurar el "señorío de las cosas" al evitar litigios difíciles de adjudicar debido a la antigüedad de las reclamaciones [citas omitidas]. La interrupción de la figura de la prescripción se basa, por tanto, en la actividad o ruptura de aquella inercia. El fundamento reconocido de interrupción es la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo".* [Citas omitidas].

A tenor con lo anterior, el Art. 1873 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5303, dispone:

*"La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de deuda del deudor."*

Tenemos ante nos un caso clásico de interrupción judicial de la prescripción extintiva. Los hechos pertinentes son los siguientes:

El 8 de agosto de 1996 ocurrió la confiscación. Durante los próximos días, ocurren los eventos que dan pie a los daños y perjuicios alegados. El 3 de septiembre de 1996, el Sr. Rodríguez, la Sra. Rivera y el Sr. Cordero presentan demanda contra el E.L.A. por confiscación ilegal del automóvil. El 23 de octubre de 1996 se enmienda la demanda de confiscación para reclamar daños contra el E.L.A. y se interrumpe el término prescriptivo. El tribunal recurrido emite una orden el 8 de noviembre de 1996 accediendo a que se enmiende la demanda para incluir daños y perjuicios. El tribunal recurrido emite una sentencia parcial el 9 de enero de 1997 resolviendo que la confiscación del automóvil fue ilegal. El tribunal recurrido emite una resolución el 2 de octubre de 1997, dejando sin efecto la orden de 8 de noviembre de 1996 que permitía que se incluyera la reclamación de daños en el pleito de confiscación ilegal, señalando que si la parte demandante tenía interés en incoar una acción en daños y perjuicios debía ejercitarla en un pleito independiente.

El término prescriptivo de la acción de daños y perjuicios, interrumpido judicialmente hasta ese momento, comenzó a decursar a partir del archivo en autos de la notificación de esta última resolución. Bajo circunstancias normales, dicho término hubiese expirado el 5 de octubre de 1998, es decir el primer día laborable después del sábado 3 de octubre de 1998, mas por razón de la interrupción de términos decretada para contrarrestar los efectos del Huracán Georges, dicho término no expiró hasta el 16 de noviembre de 1998. ■

Así las cosas, el Sr. Rodríguez, la Sra. Rivera y el Sr. Cordero presentaron su nueva demanda en daños y perjuicios el 11 de marzo de 1998 dentro del término prescriptivo, *"original"* de un año, es decir, antes del 5 de octubre de 1998.

La cronología de hechos demuestra que estos demandantes, lejos de ser inertes e inmóviles, resultaron ser altamente diligentes en el reclamo de sus derechos al interrumpir judicialmente el término prescriptivo de la causa de acción en daños, al litigar dicha causa conjuntamente con la acción de confiscación ilegal, al acatar la orden del tribunal separando el pleito de daños del de confiscación y al presentar una nueva demanda en daños, dentro del término prescriptivo correspondiente. La causa en daños y perjuicios nunca prescribió. No se puede llegar a diferente conclusión.

El E.L.A. alega que el tribunal recurrido erró al no desestimar el caso. La moción de desestimación está regulada por la Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2. Su característica fundamental es que el tribunal, aun aceptando como ciertos las alegaciones de la demanda, debe desestimarla por cualquiera de las siguientes razones: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) la demanda no expone una reclamación que justifique la concesión de un remedio; (6) la demanda no acumuló a una parte indispensable. Además de haber jurisdicción en el caso de autos, es un principio jurisprudencial establecido que al considerar una moción para desestimar una demanda, el tribunal debe evaluarla de forma sumamente crítica. Es decir, tiene que examinar los hechos expresados de manera clara y concluyente que de su faz no den margen a dudas, de la manera más favorable a la solicitud del demandante y sólo procede la desestimación si de las alegaciones no se puede deducir el derecho a la concesión de remedio alguno. *Dorante v. Wrangler of P.R.,* 144 D.P.R. ___ (1998), **98 J.T.S. 49;** *Agosto v. Municipio de Río Grande,* 143 D.P.R. ___ (1997); **97 J.T.S. 69;** *Pressure Vessells P.R. v. Empire Gas P.R.,* 137 D.P.R. ___ (1994); **94 J.T.S. 144;** *Unysis*

*v. Ramallo Brothers,* 128 D.P.R. 842 (1991); *Romero Arroyo v. E.L.A.,* 127 D.P.R. 724 (1991); *Granados Rodríguez v. Rodríguez Estrada I,* 124 D.P.R. 1 (1989); *First Fed. Savs. v. Asoc. de Condómines,* 114 D.P.R. 426 (1983).

En este caso hay alegaciones de hechos que son distintas a las del pleito de confiscación, que no están prescritas. Procede su dilucidación, tal cual lo resolvió la ilustrada sala sentenciadora. Se deniega el recurso.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 99 DTA 166**

**1.** Aunque esta resolución no obra en autos, ambas partes acreditan su existencia.

**2.** Véase: *In re: Medidas Judiciales para Atender Emergencias Causadas por el Huracán Georges,* resolución de 2 de octubre de 1998, **98 J.T.S. 129**; R.C. Núm. 540 de 30 de octubre de 1998 y R.C. Núm. 633, de 2 de diciembre de 1998.