Opinión disidente emitida por la
Juez Asociada Señora Rodríguez Rodríguez.
Disiento de la decisión que hoy anuncia este Tribunal por entender que es errónea al obviar el texto claro de la ley que creó la Oficina del Panel del Fiscal Especial Inde-pendiente (Panel). Este error irremediablemente aboca al Tribunal a su desafuero.
Está ante la consideración de este Tribunal si es válida la designación de un Fiscal Especial Independiente (FEI) por un Panel constituido por dos miembros en propiedad y un puesto vacante. La ponencia responde a esta interro-gante en la afirmativa tras concluir que, ante la ausencia de un requisito de quorum en la Ley Núm. 2 de 23 de febrero de 1988 (3 L.P.R.A. sec. 99h et seq.) (Ley Núm. 2), sólo se requiere que la designación de un FEI esté avalada por la mayoría. Como consecuencia, rechaza que se re-quiera la presencia de todos los miembros del Panel para que éste pueda actuar válidamente. Por otra parte, afirma que la disposición de ley que provee para el nombramiento de dos miembros alternos no aplica al caso de puestos va-cantes, sino que se limita a situaciones en que un miembro en propiedad esté impedido de participar. Se advierte en la opinión que un resultado contrario privaría al Panel de autoridad ante un impasse en nombramientos entre el Eje-cutivo y el Legislativo.
Lo cierto es que la mayoría soslaya el verdadero pro-blema que encierra este caso, a saber: si en efecto hay un Panel del FEI válidamente constituido, lo que es un pro-blema de interpretación estatutaria sobre cómo éste se constituye. Por las razones que paso a detallar, soy del cri-terio que, evaluada pausadamente la ley que crea la Ofi- *135 cina del Panel del FEI, así como las expresiones del legis-lador al aprobarla, la conclusión jurídica tiene que ser que la ley exige que el Panel del FEI esté integrado por la to-talidad de sus miembros al momento de tomar sus determinaciones. (1)
I
La correcta solución de la controversia que nos convoca requiere que ejerzamos nuestra función interpretativa. Al así proceder, recordamos que nuestra función en este tenor es la de interpretar el estatuto como un ente armónico, confiriéndole a sus disposiciones un sentido lógico y su-pliendo deficiencias cuando ello sea necesario. Ranger American v. Loomis Fargo, 171 D.P.R. 670 (2007); Departamento Hacienda v. Telefónica, 164 D.P.R. 195 (2005). Además, “[los] artículos de una ley deberán interpretarse los unos por los otros, atribuyendo a los dudosos el sentido que resulte del conjunto de todos”. J.M. Manresa, Comentarios al Código Civil Español, 5ta ed., Madrid, Ed. Reus, 1924, T. I, pág. 78. Debemos asegurarnos siempre que el resultado al que llegamos sea cónsono con el propósito que animó al legislador al aprobar la ley que interpretamos. Zambrana Maldonado v. E.L.A., 129 D.P.R. 740, 749 (1992).
En este caso, como ya hemos indicado, nos corresponde interpretar las disposiciones relacionadas a la composición del Panel del FEI y el número mínimo de miembros, nece-sario para sostener sus designaciones de los fiscales espe-ciales independientes.
El Artículo 10 de la Ley Núm. 2 (3 L.P.R.A. sec. 99q) dispone, en lo pertinente, como sigue:
(1) El Gobernador de Puerto Rico designará, con el consejo y consentimiento de la mayoría del número total de los miem- *136 bros que componen el Senado y la Cámara de Representantes del Estado Libre Asociado de Puerto Rico, un Panel integrado por tres (3) miembros en propiedad con experiencia en el campo de derecho penal, los cuales serán seleccionados de en-tre los ex jueces del Tribunal Supremo, del Tribunal de Cir-cuito de Apelaciones, o del Tribunal de Primera Instancia. El Gobernador también designará, de la misma forma, de entre los ex jueces del Tribunal Supremo, del Tribunal de Circuito de Apelaciones o del Tribunal de Primera Instancia dos (2) miembros alternos que formarán parte del Panel en caso de inhibición o de alguna otra circunstancia que impida a cual-quier miembro en propiedad desempeñar sus funciones. Los miembros en propiedad designarán de entre ellos un presi-dente del Panel.
(5) Las decisiones del Panel se tomarán por mayoría. (Én-fasis nuestro.)
Somos del criterio que de este lenguaje se desprende con claridad que la intención del legislador fue idear un Panel constituido por tres miembros. De ahí que la ley ordene que el Panel esté “integrado por tres (3) miembros en propiedad”. (Énfasis nuestro.) Por “integración” debemos entender la “[c]onstitución de un todo reuniendo sus partes”. M. Ossorio Florit, Diccionario de ciencias jurídi-cas, políticas y sociales, 30ma ed., Buenos Aires, Ed. He-liasta, 2004, pág. 501. Véase, además, Real Academia Es-pañola, Diccionario esencial de la lengua española, Madrid, Ed. Espasa-Calpe, 2006, pág. 833 (integrar: “1. Dicho de las partes: Constituir un todo ... 2. Hacer que al-guien o algo pase a formar parte de un todo”, (énfasis nuestro)). Es decir, los tres ex jueces que se nombran pasan a formar parte de un todo y ese todo es el Panel. La mayo-ría del Panel, entonces, es quien toma las determinaciones del cuerpo.(2) Véase 3 L.P.R.A. sec. 99q(5).
*137 A ello abona también la disposición de la ley que esta-blece que el Gobernador deberá nombrar a dos miembros alternos para formar parte del Panel en casos de inhibición o de alguna otra circunstancia que impida a uno de los miembros en propiedad desempañar sus funciones. Si el Panel pudiese operar con solo dos miembros en propiedad como concluye la mayoría, no era necesario crear la figura del miembro alterno. Esta disposición supone que para operar el Panel del FEI debe estar integrado por tres personas. Una interpretación integrada de las exigencias de la Sec. 99q de la Ley Núm. 2 nos lleva a concluir que la intención legislativa fue que el Panel estuviese siempre in-tegrado por la totalidad de sus miembros al tomar sus determinaciones. En vista de ello, somos del criterio que una determinación tomada por un Panel que no esté cons-tituido por tres ex jueces es, necesariamente, inoficiosa.
El historial legislativo de esta ley apunta también en esta dirección. Así, durante la discusión del proyecto de ley que crearía la Oficina del Fiscal Especial Independiente en la Cámara de Representantes, el Representante Sr. José Várela Fernández expresó lo siguiente:
Sr. Varela Fernández: Compañeros miembros de la Cámara de Representantes, está ante la consideración del Cuerpo este Proyecto que ha de establecer un panel sobre el Fiscal Especial que habrá de ser un mecanismo eficaz para garantizar la objetividad en las investigaciones de los altos funcionarios del Gobierno de Puerto Rico. Históricamente nuestro pueblo se ha distinguido porque sus reidores públicos siempre se distin-guen por su honradez, por su integridad. En ocasiones este historial ha sido mancado por servidores inescrupulosos, y esto, claro está, afecta la imagen de los servidores públicos. A través de este Proyecto estamos creando un panel nombrado por el Gobernador de Puerto Rico y constituido por tres exjue-ces del Tribunal Supremo, o del Tribunal Superior, y confirma-dos por la Cámara de Representantes y el Senado de Puerto Rico por la mayoría de sus miembros. Sesión de la Cámara de Representantes de 29 de enero de 1998 sobre el sustitutivo del P. del S. 931, lOma Asamblea Legislativa, 3ra Sesión Ordina-ria, pág. 36.
*138 Las expresiones del Representante Várela Fernández son indicativas de que el legislador siempre ideó al Panel como un cuerpo constituido por tres miembros. Nada en la discusión de este proyecto permite concluir lo contrario.
Según lo anterior, soy del criterio que procede confirmar la determinación del Tribunal de Apelaciones que concluyó que al momento cuando los miembros del Panel designaron un fiscal especial independiente para atender el referido hecho por el Departamento de Justicia respecto la con-ducta de la peticionaria, el Panel no se encontraba debida-mente constituido, por lo cual no tenía vida jurídica y su determinación era ineficaz. Ello no quiere decir, que una vez constituido conforme ordena la ley, el Secretario de Justicia pueda referirle nuevamente el caso de la peticio-naria a ese cuerpo para que éste descargue su encomienda según entienda corresponda.
So color de validar la política pública que encarna la Ley Núm. 2, supra, el Tribunal se adentra en lo que describe como un impasse político. Es decir, un problema político-partidista para enmendar la Ley Núm. 2, modificando sus requerimientos sobre cómo se conforma el Panel del FEI. No podemos avalar con nuestro voto esta enmienda a la Ley Núm. 2.
No hay duda de que una disputa político-partidista en-tre la Rama Ejecutiva y la Asamblea Legislativa provocó que no se confirmaran los nombramientos remitidos por el Gobernador para formar parte del Panel del FEI. A ese insensato proceder se le suma hoy la irreflexiva determi-nación de una mayoría de este Tribunal.

 Los hechos de este caso están resumidos en la ponencia suscrita por la mayoría, por lo que es innecesario resumirlos nuevamente.

 La conclusión de la mayoría de los integrantes de este Tribunal nos parece irrazonable. Por un lado, hace superfluo el requerimiento de ley de que el Panel esté integrado por tres ex jueces, pues bastaría que se nombraran sólo dos para que el Panel pueda operar válidamente. Por otro lado, nos preguntamos, ¿si el Panel puede estar integrado solamente por dos ex jueces cuál es mayoría de dos? Recordemos que la ley exige que las determinaciones del Panel se_ tomen por mayoría. ¿O es que en este caso mayoría es sinónimo de unanimidad? Éstas son sólo algunas de las inte-rrogantes que suscita la ponencia que hoy se avala y para las cuales no se ofrece respuesta satisfactoria.