Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| AMALIA TORO PÉREZ<br><br>Apelante<br><br>v.<br><br>HR PROPERTIES, INC., H/N/C COURTYARD BY MARRIOT ISLA VERDE BEACH RESORT<br><br>Apelados | KLAN202400532 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Sobre: Daños y Perjuicios<br><br>Caso Núm.: CA2023CV01418 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de septiembre de 2024.

Comparece ante nos la Sra. Amalia Toro Pérez (en adelante: señora Toro Pérez o parte apelante) para que revoquemos la Sentencia Sumaria dictada el 29 de febrero de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante: TPI). Dicha sentencia desestimó sumariamente la demanda en daños y perjuicios presentada por la señora Toro Pérez. Oportunamente, la apelante presentó una moción de reconsideración y la parte apelada se opuso mediante moción en cumplimiento de orden; así, fue denegada en la Resolución del 29 de abril de 2024.[2]

Mediante orden de este Tribunal, HR Properties Inc., h/n/c Courtyard By Marriott Isla Verde (en adelante: HR Properties) y su aseguradora Chubb Insurance Company of Puerto Rico (en adelante: Chubb), y en conjunto parte apelada, comparecieron, por lo que el recurso quedó perfeccionado.

---

[1] Notificada ese mismo día.
[2] Archivada en autos y notificada a las partes el 1 de mayo de 2024.

Luego de un examen de ambas posiciones, procedemos a **revocar** la Sentencia Sumaria apelada. Veamos los fundamentos.

**-I-**

El **4 de mayo de 2023**, la señora Toro Pérez presentó demanda en daños y perjuicios contra HR Properties y su aseguradora Chubb. Particularmente, en las alegaciones 9 y 10 de la demanda, la apelante adujo que la caída ocurrió el **5 de mayo de 2022** mientras se encontraba visitando el *Casino del Sol at Courtyard By Marriot Isla Verde Beach Resort*, ubicado en Carolina.

El **14 de julio de 2023**, HR Properties y su aseguradora Chubb presentaron contestación a la demanda. En resumen, admitieron que el 5 de mayo de 2022 ocurrió la caída, pero negaron haber incurrido en negligencia.

Tras las partes confeccionar el Informe para el Manejo de Casos, HR Properties y Chubb adujeron advenir en conocimiento de que el incidente por el cual se reclamaba en este caso, realmente ocurrió el 27 de abril de 2022, y <u>no</u> el 5 de mayo de 2022 como se alegó en la demanda. Por lo cual, el **11 de agosto de 2023** presentaron una moción para que —en síntesis— se les permitiera presentar una enmienda a la contestación de la demanda para corregir la respuesta dada al párrafo nueve (9), a los fines de alegar que el accidente no ocurrió el 5 de mayo de 2022, sino el 27 de abril de 2022.

Subsiguientemente, el **6 de septiembre de 2023**, HR Properties y Chubb, solicitaron la desestimación de la demanda. En resumen, arguyeron que los hechos alegados en la demanda no justificaban la concesión de un remedio, ya que no hubo ningún acto de negligencia ocurrido el "5 de mayo de 2022". En la alternativa, argumentaron que el caso se encontraba prescrito, dado que el incidente ocurrió el <u>27 de abril de 2022</u> y la demanda de

epígrafe fue presentada el 4 de mayo de 2023, en exceso del año para reclamar.

El **16 de septiembre de 2023**, la señora Toro Pérez se opuso a la moción de desestimación. En resumen, arguyó que el término prescriptivo de un (1) año quedó interrumpido el 6 de diciembre de 2022 cuando le envió una carta a la parte apelada, en cumplimiento con los requisitos del Artículo 1197 del Código Civil de Puerto Rico de 2020.[3] En específico, anejo la referida carta:

> 6 de diciembre de 2022
>
> Casino del Sol at Courtyard by
> Marriot Isla Verde Beach Resort
> 7012 Boca de Cangrejos Avenue
> Carolina, PR 00979
>
> RE:    CAIDA EL 5 DE MAYO DE 2022
> N/E: 793
>
> Estimado(s) señor(es):
>
> Saludos. Sirva la presente para informarle que la SRA. AMALIA TORO ha contratado mis servicios como su representante legal, con relación a una caída que sufrió el 5 DE MAYO DE 2022, mientas visitaba Casino del Sol at Courtyard en Isla Verde.
> A consecuencia de las lesiones físicas que sufrió nuestra(o) cliente a raíz de esta caída, ésta tuvo que acudir a recibir tratamiento médico especializado. Por este medio, le solicito nos informe el nombre, dirección y teléfono de su compañía de seguros, a los fines de establecer una reclamación con su aseguradora por los daños físicos sufridos por nuestra(o) cliente.
> Déjenos saber si dicha póliza cubre gastos médicos y cuál es el tope de la póliza para cubrir gastos médicos y el procedimiento para poder reclamar los mismos.   (Si es por reembolso, si necesitamos enviar los recibos de gastos y/o facturas por los servicios médicos y/o cualquier otro).
> Le solicitamos el video de la caída que tenga una hora antes y una hora después de la caída.
> Al momento se calculan los daños de nuestra(o) cliente en la suma de $150,000.00 y continúan en aumento.   En lo sucesivo cualquier comunicación dirigida a nuestra(o) cliente debe ser enviada al suscribiente.
>
> Atentamente,
>
> LCDO. MANUEL COBIAN ROIG.

El **4 de octubre de 2023**, HR Properties y Chubb presentaron una moción solicitando la conversión de la moción de desestimación

---

[3] 31 LPRA Sec. 9489.

a una de sentencia sumaria por prescripción. La misma fue autorizada mediante Orden del **19 de octubre de 2023**. Además, en dicha Orden se le concedió un término a la apelante para presentar su oposición.

No obstante, el **25 de octubre de 2023** la señora Toro Pérez presentó una solicitud de autorización para presentar una enmienda a la demanda, a los fines de sustituir el contenido del inciso nueve (9), para que reflejara la fecha del 27 de abril de 2022 como correcta del incidente, y no la del "5 de mayo de 2022", como originalmente alegó. Dicha enmienda fue autorizada el **26 de octubre de 2023**, mediante Orden.

Por otro lado, la señora Toro Pérez no se opuso a la moción de sentencia sumaria, por lo que el **20 de noviembre de 2023** HR Properties y Chubb presentaron una moción al amparo de la Regla 36.3 inciso (e) de Procedimiento Civil, solicitando que la moción de sentencia sumaria por prescripción quedará sometida para adjudicación sin la oposición de la apelante.

Ese mismo día **20 de noviembre de 2023**, el TPI emitió una Orden en la que dio por sometida la solicitud de sentencia sumaria de la parte apelada sin oposición de la parte apelante.

Trabada ahí la controversia, el **29 de febrero de 2024** el TPI emitió una Sentencia Sumaria en la que hizo las siguientes determinaciones de hechos no controvertidos:

1) La señora Amalia Toro Pérez sufrió una caída, a eso de las 12:05 del día 27 de abril de 2022, mientras salía del Casino del Casino del Sol at Courtyard en Isla Verde, ubicado en Carolina.

2) En ese mismo día del **27 de abril de 2022**, la Sra. Amalia Toro Pérez completó un Reporte de Incidente bajo el Membrete del Casino del Sol.

3) En el Reporte de Incidente la Sra. Amalia Toro Pérez estableció el hecho, lugar, fecha y hora aproximada del accidente, al igual que detalló los daños que en general sufrió en los predios de la hospedería Courtyard By Marriot Isla Verde Beach Resort.

4) Para certificar la veracidad de lo aseverado en el Reporte de Incidente del **27 de abril de 2022**, la Sra. Amalia Toro Pérez firmó

el reporte y brindó información de contacto de un testigo de los hechos, el Sr. William Adorno Berríos.

5) El 6 de diciembre de 2022, los representantes legales de la Sra. Amalia Toro cursaron una reclamación extrajudicial en la cual reclamaron compensación por los daños sufridos como consecuencia de una caída **ocurrida el "5 de mayo de 2022, mientras visitaba el Casino del Sol at Courtyard de Isla Verde".**

6) En su totalidad, la carta reclamación cursada el 6 de diciembre de 2022, lee de la siguiente forma:

   *6 de diciembre de 2022*

   *Casino del Sol at Courtyard by*
   *Marriott Isla Verde Beach Resort*
   *7012 Boca de Cangrejos Avenue*
   *Carolina, PR, 00979*

   *RE: CAIDA EL 5 DE MAYO DE 2022*
   *N/E: 793*

   *Estimado(s) señor(es):*
   *Saludos. Sirva la presente para informarle que la SRA. AMALIA TORO ha contratado mis servicios como su representante legal, con relación a una caída que sufrió el **5 DE MAYO DE 2022, mientras visitaba Casino del Sol at Courtyard en Isla Verde.** A consecuencia de las lesiones físicas que sufrió nuestra(o) cliente a raíz de esta caída, esta tuvo que acudir a recibir tratamiento médico especializado.*

   *Por este medio, le solicito nos informe el nombre, dirección y teléfono de su compañía de seguros, a los fines de establecer una reclamación con su aseguradora por los daños físicos sufridos por nuestra(o) cliente.*

   *Déjenos saber si dicha póliza cubre gastos médicos y cuál es el tope de la póliza para cubrir gastos médicos y el procedimiento para poder reclamar los mismos. (Si es por reembolso, si necesitamos enviar los recibos de gastos y/o facturas por los servicios médicos y/o cualquier otro).*

   ***Le solicitamos el video de la caída que tenga una hora antes y una hora después de la caída.***

   *Al momento se calculan los daños de nuestra(o) cliente en la suma de $150,000.00 y continúan en aumento. En lo sucesivo cualquier comunicación dirigida a nuestra(o) cliente debe ser enviada al suscribiente.*
   *Atentamente,*
   *(fdo.)*
   *LCDO. MANUEL COBIAN ROIG.[4]*

7) La Sra. Amalia Toro Pérez presentó la demanda en el presente caso el día 4 de mayo de 2023.

8) A HR Properties y Chubb se les acumularon como partes demandadas a los fines de que respondieran por hechos ocurridos el 5 de mayo de 2022.

Conforme a los hechos incontrovertidos antes indicados, el

TPI concluyó que —en síntesis— la carta del 6 de diciembre de 2022

---

[4] Énfasis en el original.

no interrumpió el término de un año para presentar su demanda, ya que allí, erróneamente, estableció que la caída ocurrió el 5 de mayo de 2022, cuando en realidad ello sucedió el 27 de abril de 2022. Con lo cual, la señora Toro Pérez *"no pudo establecer el cumplimiento del requisito de <u>identidad</u> entre la acción ejercida en su comunicación del 6 de diciembre de 2022 y la acción <u>objeto</u> de la prescripción en este pleito, requisito esencial para establecer el haber interrumpido oportunamente mediante reclamación oficial"*.[5] Así, desestimó con perjuicio la demanda de epígrafe.

Inconforme, el **14 de marzo de 2024** la señora Toro Pérez presentó moción de reconsideración. A su vez, HR Properties y Chubb se opusieron. Por lo que el **29 de abril de 2024** el TPI emitió una Resolución denegando la reconsideración.[6]

El **30 de mayo de 2024**, la señora Toro Pérez acude ante nos mediante el presente recurso de apelación y nos señala el siguiente error:

> Erró el Tribunal de Primera Instancia al dictar Sentencia [sic] al no considerar que la carta enviada el 6 de diciembre de 2022 a la parte demandada-recurrida, fue recibida, contestada y tuvo el efecto de interrumpir el término prescriptivo de un (1) año en las causas de daños y perjuicios y (ii) que hubo un intercambio de Comunicaciones posteriores al envió[sic] y recibo de la carta, con identidad de partes y manteniendo su derecho a reclamar vigente.

**-II-**

**A.**

De entrada, la Regla 10.2 de Procedimiento Civil, bajo la cual los apelados originaron sus alegaciones ante el TPI, establece que, en adición a otras, la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio puede presentarse mediante una moción fundamentada. Sobre dicha defensa, la regla establece que:

---

[5] Véase, la Sentencia apelada a la pág. 110 del Apéndice del recurso.
[6] Fue notificada el 1 de mayo de 2024.

> *[...] si en una moción en que se formula la defensa número (5) se exponen materias no contenidas en la alegación impugnada, y estas no son excluidas por el tribunal, **la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los tramites ulteriores provistos en la Regla 36 de este apéndice hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla**.[7]*

A tono con lo antes dicho, la sentencia sumaria es un mecanismo procesal que provee nuestro ordenamiento para propiciar la solución justa, rápida y económica de controversias en las cuales resulta innecesario celebrar un juicio plenario.[8] Dicho mecanismo está regulado por la Regla 36 de Procedimiento Civil, *supra.* Esta Regla dispone que la solicitud de sentencia sumaria puede ser presentada por cualquiera de las partes que solicite un remedio por medio de una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. El propósito principal de la sentencia sumaria es favorecer la solución justa, rápida y económica de los pleitos civiles que no presentan controversias genuinas o reales sobre hechos materiales, por lo que resulta innecesaria la celebración de un juicio.[9] En ese sentido, el mecanismo de la sentencia sumaria es útil para agilizar el proceso judicial y aliviar la carga de trabajo de los tribunales.[10]

Al momento de enfrentarse ante una solicitud de sentencia sumaria, el tribunal deberá presumir como ciertos los hechos no controvertidos que surjan de los documentos que acompañan la solicitud.[11] Un tribunal no deberá dictar sentencia sumaria cuando: *(1) existan hechos materiales controvertidos; (2) hayan alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de*

---

[7] Énfasis nuestro. 32 LPRA Ap. V, R. 10.2.
[8] *Meléndez González v. M. Cuebas, Inc. y Bohío International Corporation,* 193 DPR 100 (2015); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414 (2013); *Const. José Carro v. Mun. Dorado,* 186 DPR 113 (2012); *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288 (2012).
[9] *Ramos Pérez v. Univisión,* 178 DPR 200, 212 (2010).
[10] SLG *Zapata-Rivera v. J.F. Montalvo Cash & Carry, Inc., supra,* en la pág. 430.
[11] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 DPR 881, 913 (1984).

*los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no proceda.*[12]

**B.**

Nuestro ordenamiento de derecho ha reconocido que la prescripción, por ser una figura jurídica de carácter civilista, es una institución de derecho sustantivo y no procesal.[13] Su fundamento es evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos, ya que le transcurso del tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono.[14]

Además, nuestro derecho establece que el término prescriptivo para presentar una causa de acción para reclamar daños y perjuicios es de un año.[15] Dicho plazo puede interrumpirse por su ejercicio ante los tribunales, por reclamación **extrajudicial** del acreedor o por cualquier acto de reconocimiento de la deuda por parte del deudor.[16]

Ahora bien, en cuanto a la **reclamación extrajudicial**, se ha indicado que: *"no hay relación limitativa hecha por la ley sobre qué actos son los que se incluyen en esta causa interruptiva, y admite como tales todos aquéllos en que la voluntad del acreedor quede patente"*. Respecto a la forma de la reclamación: *"la ley no exige*

---

[12] *PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra.*
[13] *Galib Frangie v. El Vocero de PR,* 138 DPR 560, 566 (1995). Cabe indicar que este caso fue revocado por *Rivera Ruíz v. Mun. Ponce,* 196 DPR 410 (2016), en cuanto a la doctrina de daños continuos y no en cuanto a los requisitos interruptivos de una reclamación extrajudicial.
[14] *Galib Frangie v. El Vocero de PR, supra.*
[15] El Artículo 1197 del Código Civil de 2020. — **Interrupción; efecto.** La prescripción de las acciones se interrumpe: **(a)** mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja; **(b)** por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o **(c)** por el reconocimiento de la obligación por el deudor. Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo prescriptivo. 31 LPRA sec. 9487.
[16] En lo pertinente,  se dispone en el Artículo 1204 inciso (a) del Código Civil de 2020. — **Plazos de prescripción**. Prescriben, salvo disposición diversa de la ley: **(a)** por el transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó. 31 LPRA sec. 9496.

*ninguna forma especial".*[17] Lo importante a destacar es que esa acción refleje perfectamente el *animus conservandi.*[18]

Para que se entienda una acción como constitutiva de interrupción del término prescriptivo, dicha acción debe cumplir con los siguientes requisitos, según han sido explicados en el caso de *Galib Frangie v. El Vocero de PR,* supra, a saber:

> *[L]os requisitos de los actos interruptivos son:*
>   a) *la oportunidad o tempestividad, que requiere que el ejercicio de la acción debe realizarse antes de la consumación del plazo;*
>   b) *la legitimación, según la cual el ejercicio corresponde al titular del derecho o de la acción;*
>   c) *la identidad, que consiste en que la acción ejercitada ha de responder exactamente al derecho que está afectado por la prescripción, y*
>   d) *la idoneidad del medio utilizado.*[19]

En lo que respecta a nuestra controversia, en el caso de *Galib Frangie v. El Vocero de PR, supra,* se indica que el requisito interruptivo de **identidad** se define como:

> El elemento de *"identidad"* ha sido definido como una "auténtica exigencia de la efectividad de la deuda". Puig Brutau señala que es necesario que *"el acto interruptivo extrajudicial sea realizado por el acreedor en forma clara e inequívoca, que no deje dudas acerca de su intención".*[20]

A lo antes dicho sobre la identidad, se añade lo siguiente:

> Ante todo es menester tomar en consideración que lo que la ley considera como un acto de interrupción de la prescripción es el ejercicio de la misma acción que está prescribiendo. **Debe, pues, existir identidad entre la acción ejercitada y la acción en prescripción. Esto es importante cuando de un mismo supuesto de hechos nacen en favor de un mismo titular acciones diversas.**[21]

En fin, se ha expresado además que:

> *[l]a reclamación extrajudicial puede plasmarse a través de distintos actos, pero todos ellos han de cumplir con los requisitos genéricos de oportunidad, identidad, legitimación e idoneidad (...)* [22]

---

[17] *Galib Frangie v. El Vocero de PR, supra,* pág. 568. Citando en aprobación el caso de *Zambrana Maldonado v. E.L.A.,* 129 DPR 740 (1992).

[18] *Galib Frangie v. El Vocero de PR, supra,* pág. 567. Citando en aprobación a G. Orozco Pardo, *La interrupción de la prescripción extintiva en el derecho civil, Granada,* Universidad de Granada, 1986, pág. 156 *et seq.*; *Zambrana Maldonado v. E.L.A., supra.*

[19] *Galib Frangie, supra*, pág. 567.

[20] *Galib Frangie, supra*, pág. 568. Citas omitidas.

[21] *Galib Frangie, supra.* Citando en aprobación a *Cintrón v. E.L.A.*, DPR 582, 592-593 (1990), en el cual se cita a Díez Picazo para reiterar lo antes dicho.

[22] *Galib Frangie, supra*, pág. 568.

**C.**

Sabido es que, al revisar una determinación de un foro de menor jerarquía, los tribunales intermedios tenemos la tarea principal de auscultar si —se aplicó correctamente el derecho— a los hechos particulares del caso.[23] Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones del tribunal de instancia con nuestras propias apreciaciones.[24] Sin embargo, la norma de deferencia antes esbozada encuentra su excepción y cede, cuando la parte promovente demuestra que:

> *hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[25]

**-III-**

En síntesis, la señora Toro Pérez nos señala que el TPI incidió al aplicar el derecho a los hechos no controvertidos esbozados en la Sentencia Sumaria apelada y desestimar su demanda al resolver que la carta enviada el 6 de diciembre de 2022 a la parte apelada no interrumpió el término prescriptivo, ya que no colocó la fecha del 27 de abril de 2022 como la del incidente. Tiene razón.

De umbral, surge del expediente que la parte apelada presentó correctamente una solicitud de sentencia sumaria, a la cual, la parte apelante no se opuso. El TPI correctamente determinó que no existían controversias de carácter sustancial. En ese sentido, adoptamos como correctas las ocho (8) determinaciones de hechos incontrovertidas esbozadas  en la Sentencia sumaria. Por lo tanto, nos corresponde resolver si el foro *a quo* aplicó correctamente la cuestión de derecho. Veamos.

**En primer orden**, el incidente de la caída ocurrió el **27 de abril de 2022** en las facilidades del hotel. Con ánimo de interrumpir

---

[23] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013).
[24] *Íd.*, pág. 771; *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007).
[25] *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

el término prescriptivo de un año, el **6 de diciembre de 2022** la señora Toro Pérez, a través de su abogado, le envió a la parte apelada la siguiente carta, que consta como el hecho incontrovertido núm. 4 de la sentencia sumaria apelada:

6 de diciembre de 2022

Casino del Sol at Courtyard by
Marriot Isla Verde Beach Resort
7012 Boca de Cangrejos Avenue
Carolina, PR 00979

RE: **CAIDA EL 5 DE MAYO DE 2022**
N/E: 793

*Estimado(s) señor(es):*

*Saludos. Sirva la presente para informarle que la SRA. AMALIA TORO ha contratado mis servicios como su representante legal,* **con relación a una caída que sufrió el 5 DE MAYO DE 2022, mientas visitaba Casino del Sol at Courtyard en Isla Verde.**
*A consecuencia de las lesiones físicas que sufrió nuestra(o) cliente a raíz de esta caída, ésta tuvo que acudir a recibir tratamiento médico especializado.*
*Por este medio, le solicito nos informe el nombre, dirección y teléfono de su compañía de seguros,* **a los fines de establecer una reclamación con su aseguradora por los daños físicos sufridos por nuestra(o) cliente***.*
***Déjenos saber si dicha póliza cubre gastos médicos y cuál es el tope de la póliza para cubrir gastos médicos y el procedimiento para poder reclamar los mismos***. (Si es por reembolso, si necesitamos enviar los recibos de gastos y/o facturas por los servicios médicos y/o cualquier otro).*
***Le solicitamos el video de la caída*** *que tenga una hora antes y una hora después de la caída.*
***Al momento se calculan los daños de nuestra(o) cliente en la suma de $150,000.00 y continúan en aumento***. En lo sucesivo cualquier comunicación dirigida a nuestra(o) cliente debe ser enviada al suscribiente.*
*Atentamente,*
*LCDO. MANUEL COBIAN ROIG.*[26]

Nótese, que lo único que no es correcto en la carta es la fecha del incidente, pues en la misma obra la fecha incorrecta del "5 de mayo de 2022", en vez del **27 de abril de 2022** en que sí ocurrió la caída. Además, no hay controversia de que la referida carta fue enviada el 6 de diciembre de 2022.

---

[26] Énfasis nuestro.

**En segundo orden**, examinemos si la carta de la señora Toro Pérez cumplió con los requisitos interruptivos explicados en el citado caso de *Galib Frangie v. El Vocero*.

El primer requisito interruptivo es la **oportunidad** o **tempestividad**. Aquí se requiere que el ejercicio de la acción **debe** realizarse **antes** de la consumación del plazo; que, en este caso es de un año.

Con independencia en la corrección de la fecha en que sucedió el incidente; entiéndase, la fecha correcta del 27 de abril de 2022, o la incorrecta del 5 de mayo de 2022, la señora Toro Pérez envió la carta el **6 de diciembre de 2022 antes** del término prescriptivo de un año. Es decir, a poco menos de ocho (8) meses desde la fecha correcta del 27 de abril de 2022 en que ocurrió la caída.

Todavía más, la demanda fue presentada el **4 de mayo de 2023**, a penas, unos cinco meses desde que en la fecha del **6 de diciembre de 2022** la carta le fue enviada a la parte apelada. En palabras sencillas, la señora Toro Pérez tenía hasta el 6 de diciembre de 2023 para presentar su demanda; no obstante, la presentó el 4 de mayo de 2023 **dentro** del plazo prescriptivo de un año.

Ahora, distinto sería el caso, si la señora Toro Pérez hubiese enviado la carta en la fecha del 28 de abril de 2023, creyendo erróneamente que la caída ocurrió el 5 de mayo de 2022. En ese caso, no cumpliría con el primer requisito interruptivo de *oportunidad o tempestividad,* ya que a la fecha de envío de la referida carta, el término prescriptivo de un año estaría consumado.

El segundo requisito interruptivo, es la **legitimación**. Aquí se requiere que el ejercicio corresponda al titular del derecho o de la acción. No hay controversia que la carta hace alusión a la apelante, señora Amalia Toro como la titular del derecho reclamado, que a su vez, coincide con la demanda incoada.

El tercer requisito interruptivo, es la **identidad**. Nótese que lo importante es que la acción ejercitada ha de responder exactamente al derecho que está afectado por la prescripción.

En nuestro caso, la señora Toro Pérez hizo claro en su carta que había sufrido una caída en las facilidades de la parte apelada, por lo que solicitó el nombre, dirección y teléfono de la compañía de seguros y sus pólizas, ***"a los fines de establecer una reclamación con la aseguradora por los daños físicos sufridos"***. Además de solicitar el video de la caída, calculó los daños sufridos en la suma de $150,000.00 y señaló que continuaban en aumento. Así, radicó la demanda de epígrafe en la que incluyó el mismo incidente, el mismo lugar, las mismas partes a las que le reclamó y la misma acción en daños y perjuicios sufrida por la caída. Por lo tanto, la carta de la apelante cumplió con el requisito de identidad.

No obstante, el TPI erra al interpretar que no está presente el requisito de identidad, ya que la referida carta indica que los hechos por los cuales hizo la reclamación ocurrieron el 5 de mayo de 2022, cuando en realidad sucedieron el 27 de abril de 2022.

Nótese, que cuando se exige **identidad entre la acción ejercitada y la acción en prescripción**, lo que se busca es identificar la posibilidad de que de un mismo supuesto de hechos pueden nacer en favor de un **mismo titular acciones diversas**.[27] Un ejemplo sería, si además de la caída sufrida por la señora Toro Pérez, estuviera reclamando el cobro de dinero por una partida que ganó en el casino y no le fue pagada el mismo día 27 de abril de 2022; entonces, en este ejemplo la apelante tendría acciones diversas de: cobro de dinero, y, daños y perjuicios que tienen distintos términos prescriptivos para presentar su reclamo.

---

[27] *Galib Frangie, supra,* a la pág. 568. Citando en aprobación a *Cintrón v. E.L.A.,* DPR 582, 592-593 (1990), en el cual se cita a Díez Picazo.

En nuestro caso, existe identidad entre la **acción ejercitada** (reclamo de daños sufrido por la caída en las facilidades del hotel) y la **acción en prescripción** —que en este caso se ejerció dentro del año—.

El cuarto y último requisito interruptivo es **la idoneidad del medio utilizado.** En nuestro caso no hay controversia de hechos sobre la idoneidad de la carta enviada el 6 de diciembre de 2022 por la representación legal de la señora Toro Pérez, la cual fue recibida por la parte apelada.

En conclusión, erró el TPI al declarar con lugar la moción de sentencia sumaria presentada por la parte apelada y concluir que en este caso la señora Toro Pérez no interrumpió el término prescriptivo de un año con el envío de la carta del 6 de diciembre de 2022, ya que la misma no había cumplido con el requisito interruptivo de identidad; y en consecuencia, desestimar con perjuicio la demanda de epígrafe.

**-IV-**

Por los fundamentos antes expresados, se **revoca** la Sentencia Sumaria apelada que desestimó con perjuicio la demanda de epígrafe. En consecuencia, se ordena la continuación de los procesos en este caso, conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones