ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| LUIS A. RAMIREZ CRUZ ILKA L. LARA SANTIAGO LA SOCIEDAD LEGAL DE GANANCIALES<br><br>APELANTES<br><br>V.<br><br>ORMI CORP., FIRSTBANK DE PUERTO RICO, ARAMIS OMAR CRUZ ROSARIO, FULANO DE TAL<br><br>APELADOS | KLAN202500484 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Superior de Caguas<br><br>Caso Número: CG2024CV00573<br><br>Sobre: Acción civil saneamiento por vicios oculto doloso en la contratación |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.[1]

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico a 31 de julio de 2025.

El 16 de diciembre de 2022, Luis Ramírez Cruz, Ilka L. Lara Santiago y la Sociedad Legal de Gananciales compuesta por ambos (apelantes) presentaron una Demanda sobre saneamiento por vicios ocultos, en contra de Ormi Corp. y FirstBank de Puerto Rico. A grandes rasgos, la parte apelante reclamó la resolución del contrato de compraventa que habían realizado con Ormi Corp. Posteriormente, la parte apelante desistió sin perjuicio de dicha causa de acción.

Así las cosas, el 19 de febrero de 2024, la parte apelante presentó una segunda Demanda en contra de las mismas partes del primer pleito. Sin embargo, en esta incluyó como demandado a Aramis Omar Cruz Rosario (apelado). En síntesis arguyó que, el 18 de septiembre de 2022, el Huracán Fiona toco en tierra en Puerto

---

[1] Conforme la DJ2024-062C del 6 de mayo de 2025, mediante la cual se asignó la integración de la Juez Glorianne M. Lotti Rodríguez al Panel XII.

Rico y que ocurrió un desprendimiento grave de terreno en la propiedad del apelado, Aramis Omar Cruz Rosario, que afectó el inmueble de los apelantes. Expuso que la finca de los demandantes se vio afectada por el desprendimiento debido a que esta ubicada en una zona más baja que la de su vecino. Alegó que el desprendimiento afectó la vivienda de los apelantes, el uso y disfrute de su propiedad, y además, pone en peligro sus vidas. Expuso que el apelado, responde por los daños ocasionados por los desprendimientos que invadieron la casa de los demandantes y perturbó el uso y disfrute de su propiedad. El 5 de marzo de 2024, los apelantes presentaron otro documento titulado Demanda, no obstante, no se enmendaron las alegaciones contra el apelado.

El 22 de abril de 2024, la parte apelada presentó una Moción de Desestimación por Prescripción. Alegó que, desde el 18 de septiembre de 2022, la parte apelante conocía que sufrió daños y que los provocó, por lo que tenían un (1) año a partir de esa fecha para hacer su reclamo. Señaló que la parte apelante tenía hasta el 17 de septiembre de 2023, para incoar la causa de acción en su contra, pero no lo hizo. Así pues, acentuó que la causa de acción presentada en su contra está prescrita.

El 23 de abril de 2024, FirstBank Puerto Rico presentó una Contestación a la Demanda Enmendada. Oportunamente, el 30 de abril de 2024, la parte apelante presentó una Oposición a Moción de Desestimación. En síntesis, aseveró que la reclamación realizada en contra del apelado es una acción de naturaleza real y no extracontractual. Afirmó que al ser la acción una de naturaleza real, el plazo prescriptivo es de treinta (30) años, según el Artículo 1204 del Código Civil. Asimismo, adujo que de determinarse que la reclamación es una extracontractual, tampoco procede la desestimación. Esto, pues el plazo comienza a computarse desde que ocurrió el evento del desprendimiento del terreno, o sea, el 18

de septiembre de 2022. Añadió que, en enero de 2024, contrataron un perito en materia de suelos y fue ahí cuando advinieron en conocimiento que el terreno del apelado fue acondicionado luego del Huracán María y que con el Huracán Fiona se activó el mecanismo de la falla en el terreno. Indicó que el perito sostiene que se trata de una situación de peligrosidad y que el terreno del apelado está inestable.

Así las cosas, el 1 de mayo de 2024, Ormi Corp. presentó una Solicitud de Desestimación por Prescripción. En la misma, razonó que la causa de acción presentada en su contra está prescrita toda vez que el término de seis (6) meses para ejercer la acción por vicios ocultos venció seis (6) meses luego de la compraventa. Agregó que, la causa de acción de daños también está prescrita, pues los daños causados por el huracán Fiona ocurrieron el 18 de septiembre de 2022. El 9 de mayo de 2024, la parte apelante presentó una Oposición a Moción de Desestimación de Ormi Corp. En esta, planteó que las acciones para reclamar vicios redhibitorios prescriben a los seis (6) meses, contados a partir de la entrega del bien transmitido o desde la última gestión de inteligencia entre las partes. Así, expuso que la escritura de compraventa se otorgó el 25 de junio de 2022 y la primera reclamación se realizó el 16 de diciembre de 2022.

Luego de varios trámites procesales, el Tribunal de Primera Instancia (TPI o foro primario) señaló una Vista Argumentativa para atender los planteamientos de las partes. En vista de ello, el 5 de diciembre de 2024, el foro primario emitió una Sentencia Parcial mediante la cual declaró Ha Lugar la solicitud de desestimación por prescripción que presentó la parte apelada, Aramis Omar Cruz Rosario. Insatisfecho, el 30 de diciembre de 2024, la parte apelante presentó una Moción de Reconsideración. Entretanto, el 11 de febrero de 2025, la parte apelante presentó una Moción Para Que Se

Deje Sin Efecto Sentencia. El 18 de febrero de 2025, el TPI emitió una Resolución Interlocutoria mediante la cual declaró No Ha Lugar la solicitud de reconsideración. Dicho dictamen fue notificado a las partes el 28 de abril de 2025.

Insatisfecho aun, el 28 de mayo de 2025, la parte apelante compareció ante nos mediante un recurso de apelación. Plantea que:

a. **Erró el Honorable Tribunal de Primera Instancia al conceder una desestimación sumaria en una etapa temprana del litigio.**

b. **Erró el Honorable Tribunal de Primera Instancia al resolver que la demanda presentada contra el apelado Aramis Cruz estaba prescrita.**

El 2 de junio de 2025, emitimos una Resolución mediante la cual le concedimos un término de treinta (30) dias a la parte apeada para presentar su alegato en oposición. Transcurrido el término sin la comparecencia de la parte apelada, procedemos a resolver.

**II.**

**A.**

La Regla 10.2 de Procedimiento Civil, 32 LPRA sec. Ap. V, R. 10.2, permite a un demandado solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043 (2020); *Sánchez v. Aut. de los Puertos*, 153 DPR 559 (2001). Esa solicitud deberá hacerse mediante una moción y basarse en uno de los fundamentos siguientes: (1) falta de jurisdicción sobre la materia o persona, (2) insuficiencia del emplazamiento o su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) dejar de acumular una parte indispensable. *Conde Cruz v. Resto Rodríguez, supra.*

Así, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se

encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra*. Véase, además, *Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, 213 DPR 523 (2024). Al resolverse una moción de desestimación por este fundamento, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Colón v. Lotería*, 167 DPR 625 (2006).

Además, tales alegaciones hay que interpretarlas conjuntamente, liberalmente y de la manera más favorable posible para la parte demandante. *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994). La demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407 (2012). Tampoco procede la desestimación si la demanda es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda*, 114 DPR 763 (1983). En fin, debemos considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida". *Rivera Candela v. Universal Insurance Company*, 214 DPR 1007 (2024). Véase, además, *Pressure Vessels P.R. v. Empire Gas P.R.*, *supra*; *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).

**B.**

El Artículo 1536 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 10801, establece que "[l]a persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo". Así, la responsabilidad a tenor con el Artículo 1536, *supra*, surge como resultado del daño sin que haya mediado relación jurídica previa.

Sin embargo, el Artículo 1204 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9496, dispone que prescribe "por el

transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó". Es decir, el punto de partida de dicho término es la fecha en que el agraviado conoció o debió haber conocido que sufrió un daño, quien lo ocasionó, así como los elementos necesarios para poder ejercitar su causa de acción. *Íd.* Véase, además, Artículo 1190 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9482. En nuestro ordenamiento jurídico esta doctrina se conoce como la teoría cognoscitiva del daño. *García Pérez v. Corp. Serv. Mujer*, 174 DPR 138 (2008).

De otro lado, en *Zambrana Maldonado v. E.L.A.,* 129 DPR 740, (1992), el Tribunal Supremo expresó que:

> Como se podrá observar, la prescripción es un fenómeno basado en la inercia, mientras que la interrupción está basada en la actividad, la ruptura de esa inercia. De acuerdo con Orozco Pardo, la "interrupción, suspensión y renuncia, son los componentes que hacen justa y moral a la prescripción " Orozco Pardo, Guillermo, La Interrupción de la Prescripción Extintiva en el Derecho Civil, Cap. III, pág. 59, Granada (1986). Cabe señalar "**que la prescripción extintiva está basada en una presunción 'iuris tantum' de abandono, que admite prueba en contra, la existencia de una voluntad manifestada y probada, contraria a la prescripción, destruye aquella presunción, quedando impedida su consumación".** (Énfasis suplido).

### III.

En su comparecencia ante este foro revisor, la parte apelante plantea que erró el TPI al conceder una desestimación sumaria en una etapa temprana del litigio. Además, arguye que erró el TPI al resolver que la Demanda presentada contra el apelado, Aramis Omar Cruz Rosario estaba prescrita. Por estar íntimamente relacionados, discutiremos los señalamientos de error de forma conjunta. Veamos.

En el caso ante nos, la parte apelante alegó en su Demanda que el daño sufrido ocurrió el 18 de septiembre de 2022, cuando ocurrió un desprendimiento de terreno de la propiedad del apelado

que afectó la propiedad y residencia de los apelantes. Consecuentemente, el 16 de diciembre de 2022, la parte apelante presentó una Demanda en contra de Ormi Corp. y FirstBank de Puerto Rico. Posteriormente, la parte apelante desistió sin perjuicio de dicha causa de acción.

Sin embargo, el 19 de febrero de 2024, la parte apelante presentó una segunda Demanda en contra de las mismas partes del primer pleito y, además, incluyó como demandado a Aramis Omar Cruz Rosario. Como expusimos anteriormente, la parte apelante alegó que el 18 de septiembre de 2022, con el paso del Huracán Fiona en Puerto Rico, ocurrió un desprendimiento de terreno de la propiedad del apelado que afectó la propiedad de estos, debido a que se encuentra ubicada en una zona más baja. Específicamente, arguyó que el apelado era responsable de los daños ocasionados por los desprendimientos ocurridos el 18 de septiembre de 2022 que invadieron su casa; perturbando el uso y disfrute de su propiedad. Así pues, por ser la causa de acción que nos ocupa una de daños extracontractuales; es decir, sin que haya mediado relación jurídica previa, le es de aplicación el Artículo 1204 del Código Civil de Puerto Rico de 2020, *supra*.

Dicho Artículo establece que prescribe "por el transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó". Artículo 1204 del Código Civil de Puerto Rico de 2020, *supra*.

Por lo tanto, según las alegaciones de la Demanda, el daño ocurrió el 18 de septiembre de 2022 y no es hasta el 19 de febrero de 2024, que la parte apelante presentó su causa de acción en contra de la parte apelada. Esto, cinco (5) meses después de transcurrido el término prescriptivo. Por consiguiente, al momento de la presentación de la Demanda esta estaba prescrita para el

apelado, Aramis Omar Cruz Rosario. En consecuencia, no se cometieron ninguno de los señalamientos de error alegados por la parte apelante.

## IV.

Por los fundamentos que anteceden, se confirma la Sentencia Parcial apelada.

Notifíquese.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones